IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| NORBERTO ESTRADA,<br>　　　Petitioner, | §<br>§<br>§ | |
| v. | § | Civil Action No. 4:12-CV-245-Y |
| | § | |
| REBECCA TAMEZ, Warden,<br>FCI-Fort Worth,<br>　　　Respondent. | §<br>§<br>§ | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

**A.　NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

**B.　PARTIES**

Petitioner, Norberto Estrada, BOP No. 15396-078, is a federal prisoner currently incarcerated in the Federal Correctional Institution in Fort Worth, Texas (FCI-Fort Worth).

Respondent, Rebecca Tamez, is Warden of FCI-Fort Worth.

C. **PROCEDURAL HISTORY**

The record reflects petitioner was arrested in Denton County, Texas, by state law enforcement on October 23, 2008, for unlawful carrying of a weapon and tampering with identification numbers on personal property. (Resp't App. at 4-7) While awaiting sentencing in state court, petitioner was released to federal custody on November 4, 2008, pursuant to a writ of habeas corpus ad prosequendum to answer pending federal charges in the Eastern District of Texas for smuggling goods from the United States and aiding and abetting. (*Id.* at 1, 9-10) While in federal custody, he was temporarily housed in the Grayson and Denton County jails. On October 13, 2009, petitioner was sentenced to a 51-month term of imprisonment in the Eastern District and subsequently returned to state custody on October 26, 2009, with a federal detainer in place. (*Id.* at 8-11, 16) The federal criminal judgment was silent as to whether petitioner's 51-month federal sentence was to run concurrently with or consecutively to any state sentence to which he might be subject. (*Id.* at 10-15) On February 18, 2010, petitioner was sentenced in state court to 300 days' imprisonment in the Denton County jail on the state cases. (*Id.* at 4, 6) His state court sentences expired on March 1, 2010, and, on March 22, 2010, petitioner was released back to federal custody to commence service of his federal sentence. (*Id.* at 5-7, 9)

In calculating his sentence, the Bureau of Prisons (BOP) gave petitioner 215 days of jail credit toward his federal sentence for time not awarded by the state: November 5, 2008, through December 8, 2008; May 19, 2009, through October 25, 2009; and March 1, 2010 through March 21, 2010. (*Id.* at 9, 17; Resp't Resp. at 2) Petitioner filed a § 2255 motion in the Eastern District seeking, among other relief, time credit for an additional 300 days spent in pretrial federal custody between November 4, 2008, and October 13, 2009. (*Id.* at 18) That court determined it lacked

2

jurisdiction to consider the claim, which it properly construed as a claim under § 2241, and transferred the petition as to that claim to this court. (Resp't App. at 18) This court dismissed the petition on July 27, 2011, because petitioner had not yet exhausted the prison's administrative remedies. *Estrada v. Tamez*, No. 4:11-CV-408-A. Having exhausted those remedies, petitioner has filed this § 2241 petition for habeas relief.

## D. DISCUSSION

18 U.S.C. § 3585, entitled "Calculation of a Term of Imprisonment," determines when a federal sentence of imprisonment commences and whether credit against that sentence must be granted for time spent in "official detention" before the sentence began. It states:

> **(a) Commencement of sentence.**–A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> **(b) Credit for prior custody.**–A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
> **(1)** as a result of the offense for which the sentence was imposed; or
> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

18 U.S.C. § 3585 (emphasis added).

Moreover, 18 U.S.C. § 3584(a), provides:

> **(a) Imposition of concurrent or consecutive terms.**–If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the

same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. *Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.*

18 U.S.C. § 3584(a) (emphasis added).

A prisoner's request that he should receive credit for time spent in service of his state sentence prior to his federal sentence is viewed by the BOP as a request for retroactive "nunc pro tunc" concurrent designation pursuant to 18 U.S.C. § 3621(b). *See* Bureau of Prisons Program Statement 5160.05. When an inmate requests a nunc pro tunc designation to the state institution and a concurrent designation may be appropriate, the BOP reviews the request in light of the factors set out in the Program Statement and 18 U.S.C. § 3621(b). *Id.* These factors are: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence—(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type or penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to § 994(a)(2) of Title 28. 18 U.S.C. § 3621(b). Such a designation, however, "shall be made only when it is consistent with the intent of the sentencing Federal court, or with the goals of the criminal justice system." *See* Bureau of Prisons Program Statement 5160.05. Where "a designation for concurrent service may be appropriate (*e.g.*, the federal sentence is imposed first and there is no order or recommendation regarding the service of the sentence in relationship to the yet to be imposed state term)" the BOP sends a letter to the sentencing court inquiring whether the court has any objection to the retroactive designation. *Id.*

Petitioner requested a nunc pro tunc designation. The warden responded to the request as follows:

> This is in response to your Request for Administrative Remedy dated August 10, 2011, wherein you request a review of your sentence computation. Specifically, you are requesting a nunc pro tunc designation and that Bureau staff contact the federal sentencing judge as to his intentions and recommendations regarding prior custody credit.
>
> As a result of the decision in <u>Barden v. Keohane</u>, 921 F.2d 476 (3rd Cir. 1990), the Bureau of Prisons considers an inmate's request for presentence credit toward a federal sentence, for time spent in service of a state sentence, as a request for a nunc pro tunc designation. The Bureau must consider an inmate's request for concurrent service of the state and federal sentences. However, in accordance with our policy, a designation for concurrent services of sentence is made only when it is consistent with the intent of the sentencing federal court, or with the goals of the criminal justice system.
>
> Your request was forwarded to, and is being reviewed by staff at the Designation and Sentence Computation Center (DSCC) for a determination pursuant to Bureau of Prisons Program Statement 5160.05, Designation of State Institution for Federal Sentence. Once a decision is made you will be informed.

(Pet'r Mem., Attachs. entitled "Request for Administrative Remedy" dated 8-10-11 and "Part B-Response" dated 9-16-2011)

On December 7, 2011, the DSCC determined that a nunc pro tunc designation was not appropriate. It stated:

> This is in response to your request toward your federal sentence for time spent in state custody. Title 18 U.S.C. § 3585(b), prohibits the application of this credit. However, as a result of the decision in <u>Barden v. Keohane</u>, the Bureau considers, as a request for a nunc pro tunc or retroactive designation. In accordance with Program Statement 5160.05, <u>Designation of State Institution for Service of Federal Sentence</u>, a designation effecting concurrent service of state and federal sentences is made only when it is consistent with the goals of the criminal justice system.
>
> We have reviewed your appeal in accordance with the factors provided in 18 U.S.C. § 3621(b). In your case, we have determined the relevant factors under 18 U.S.C. § 3621(b) are (2) Nature and circumstances of the offense, (3) History and characteristics of the prisoner which also includes institutional adjustment, and (4)

> Any statement by the court that imposed the sentence. Under factor (4), the federal judgment was silent on whether your sentence should run consecutively or concurrently to any other sentence. Pursuant to 18 U.S.C. § 3584(a), multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently. Nevertheless, the federal sentencing court was contacted for a statement concerning its position on a retroactive designation. The sentencing court did not provide a response regarding a position of concurrency.
>
> Based on the foregoing, we have determined that a nunc pro tunc designation is not appropriate in your case. Your sentence has been computed as directed by the court, federal statute, case law, and Bureau policy.

(Pet'r Mem., Attach. entitled "Response Inmate Request to Staff Member")

Petitioner appealed, but on December 28, 2011, the Regional Director denied the appeal, providing:

> You are appealing the Warden's response to your complaint regarding your sentence computation. You claim credit should be applied toward your federal term for time spent in service of your state sentence.
>
> Investigation reveals you were originally arrested by state of Texas law enforcement officials on October 23, 2008. While in state custody, you were temporarily transferred to the custody of the United States Marshals Service (USMS) pursuant to a Writ of Habeas Corpus Ad Prosequendum. On October 13, 2009, you were sentenced in the Eastern District of Texas to a 51-month term of imprisonment for Smuggling Goods From the United States/and Aiding and Abetting. Your federal Judgement and Commitment Order was silent as to the service of this sentence; thus, it was appropriately calculated as consecutive to your state term. After sentencing, you were returned to state custody for service of your state term. On February 18, 2010, you were released from your state sentence and held on a USMS detainer. On March 22, 2010, you were released to USMS custody for service of your federal term.
>
> Title 18 U.S.C. § 3585(b) is the statute authorizing the award of presentence credit. This statute authorizes credit for time spent in official detention prior to the imposition of a sentence that has not been credited against another sentence. To award credit toward your federal sentence that [w]as applied to your state term would be contrary to the intent of the statute.
>
> In addition, Program Statement 5880.28, <u>Sentence Computation Manual (CCCA of 1984)</u>, states time spent under a writ of habeas corpus from non-federal custody will

6

not, in itself, be considered for the purpose of custody credit. The primary reason for custody is not the federal charge. It is considered the federal court "borrows" an individual under the provisions of the writ for the purpose of the court appearance. Additionally, production of a defendant via a federal Writ of Habeas Corpus Ad Prosequendum does not shift the primary jurisdiction of custody to the federal authorities.

As a result of the decision in Barden v. Keohane, 921 F.2d 476 (3rd Cir. 1990), the Bureau of Prisons considers an inmate's request for presentence credit toward a federal sentence, for time spent in service of a state sentence, as a request for a *nunc pro tunc* designation. The Bureau must consider an inmate's request for concurrent service of the state and federal sentences. However, in accordance with Bureau policy, a designation for concurrent service of sentence is made only when it is consistent with the intent of the sentencing federal court, or with the goals of the criminal justice system.

Contact with Texas law enforcement officials has confirmed you received credit on your state sentence for the time spent in federal custody for the purpose of the federal writ. Also, you received credit toward your sentence from December 9, 2008, to May 18, 2009, and October 26, 2009, to February 18, 2010. Additionally, you received presentence credit toward your federal sentence from October 23, 2008, to December 8, 2008, and May 19, 2009 to October 25, 2009, and February 19, 2010, to March 21, 2010. Further, the Designation Sentence Computation Center completed a Barden Request Information Worksheet which determined you are ineligible for a nunc pro tunc designation. Your federal sentence computation has been computed as commencing on March 22, 2010, the date you came into primary federal custody. Your projected release date is April 19, 2013, via good conduct time Release.

Based on a review of your sentence computation and the information above, your federal sentence has been accurately computed in accordance with federal law and Bureau of Prison policy; therefore, your appeal is denied.

(Pet'r Mem., Attach. entitled "Pat B - Response" dated 12/28/2011)

From the time that petitioner was arrested by state law enforcement officers on the state charges, he was under the primary custody of the State of Texas. *Richardson v. Outlaw*, 274 Fed. Appx. 353, 2008 WL 1747085, at *1 (5th Cir. Apr. 15, 2008). His subsequent transfer pursuant to a writ of habeas corpus ad prosequendum to face his federal charge did not place him in the primary custody of federal authorities and was only "a loan" to the federal jurisdiction. *Id.*; *United States v.*

*Brown,* 753 F.2d 455, 456 (5th Cir. 1985). The fact that petitioner was temporarily housed in county jails under the writ is immaterial. Petitioner's federal sentence commenced on March 22, 2010, the date on which he was released to federal custody to commence service of his federal sentence. Petitioner was awarded the relevant time periods against his state sentences. He is not entitled to also have that time credited toward his federal sentence. 18 U.S.C. § 3585(b); *United States v. Dovalina,* 711 F.2d 737, 740 (5th Cir. 1983).

Further, because the judgment in petitioner's federal criminal case does not specify whether the federal sentence should be served concurrent with, or consecutive to, any other sentence, the BOP acted within its discretion in refusing petitioner's request for a nunc pro tunc designation. *See Rodriguez v. Pitzer,* 76 Fed. Appx. 519, 2003 WL 21805912 (5th Cir. Aug. 7, 2003) (holding that, in the absence of the sentencing court's intent to run the sentences concurrently, the BOP has discretion to refuse the request). The records shows the BOP reviewed petitioner's request for nunc pro tunc designation under the relevant factors set out in 18 U.S.C. § 3621(b), and in accordance with Program Statement 5160.05 and *Barden,* and determined that his case was not appropriate for a nunc pro tunc designation. The BOP gave "full and fair" consideration to petitioner's request, which is all that is required to do. *See* Bureau of Prisons Program Statement 5160.05. Petitioner has no federal statutory or constitutional right to concurrent sentences. *United States v. Dovalina,* 711 F.2d 737, 739 (5th Cir. 1983). The court finds no support for petitioner's claim that, as a matter of constitutional due process, a federal court should be free, postconviction, to make adjustments to a prisoner's sentence under the advisory Sentencing Guidelines and statutory sentencing factors where the prisoner exhibits good behavior and efforts at rehabilitation. (Pet'r Reply at 8) Petitioner has failed to demonstrate he is entitled to the time credit he seeks.

## II. RECOMMENDATION

Based on the foregoing discussion, it is recommended that the petition be DENIED.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until September 10, 2012. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until September 10, 2012, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing

9

party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED August __20__, 2012.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

10